# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**KEVIN ROSS SMITH**                                         **PETITIONER**

**v.**                                                    **No. 1:13-cr-162-MPM**

**USA**                                                      **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Kevin Ross Smith to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. The government has responded to the motion, and the matter is ripe for resolution.

### Facts and Procedural Posture

Smith was charged in a superseding indictment with several counts of persuading or attempting to persuade minors to send him child pornography (Counts I, II, and IV); and two counts of attempting to persuade minors to engage in sexual activity (Counts III and V). ECF doc. 21. Smith pleaded guilty to Counts II, III, and V of the superseding indictment. ECF doc. 32. Pursuant to his guilty plea, Smith was sentenced to serve a term of 235 months on Counts II, III, and V, to be served concurrently. ECF doc. 37. Counts I and IV of the superseding indictment were dismissed. *Id*. Smith did not appeal his judgment of conviction. Smith filed the instant motion to vacate, set aside, or correct his sentence pursuant to §2255. ECF doc. 42. For the reasons discussed herein, this motion is denied.

### One-Year Limitations Period

Smith has filed his petition pursuant to 28 U.S.C.A. §2255, which is subject to a one-year statute of limitations, which reads:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    **(1)** the date on which the judgment of conviction becomes final;

    **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. §2255(f). Thus, unless the narrow exceptions of §2255(f) apply, a motion to vacate, set aside, or correct a sentence must be filed within one (1) year of the date on which the judgment of conviction becomes final, subject to any applicable tolling.[1] Because Smith did not file a direct appeal, his conviction became final fourteen (14) days after the entry of judgment. F.R.A.P. 4(b)(1)(A); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). In this case, the court entered judgment on October 14, 2014. ECF doc. 37. Smith's conviction and judgment became final on October 28, 2014 (October 14, 2014, plus 14 days). Therefore, Smith's §2255 motion was due in this Court on or before October 28, 2015 (October 28, 2014 plus one year). Smith's *pro se* motion was signed on February 20, 2018, and was filed on February 27, 2018. ECF doc. 42. As such, Smith's §2255 motion was filed some 846 to 853 days, over two (2)

---

[1] The exceptions of §2255(f)(2)-(4) do not apply to Smith's case.

years, beyond the expiration of the statute of limitations. As such, the instant motion is untimely filed and will be dismissed.

Smith argues that his petition should be considered timely because he allegedly received inaccurate legal advice and that, but for this advice, he would have timely appealed his conviction and judgment. In Counts III and V of the superseding indictment Smith was charged with using internet and cellular communications to ***attempt*** to persuade children of 14 (Count III) and 13 (Count V) to engage in sexual activity, which would constitute statutory rape pursuant to Miss. Code Ann. §97-3-65(a) and sexual battery pursuant to §97-3-95(1)(c). ECF doc. 32. Smith argues that Miss. Code Ann. §97-3-65, requires proof of sexual intercourse for the charge of statutory rape and, therefore, his activities would not have constituted a crime under Mississippi law. ECF doc. 42, pg. 10.  However, Smith was charged with ***attempting*** to persuade these minors into performing acts that would have constituted statutory rape and sexual battery under state law had they been completed. Moreover, pursuant to Miss. Code Ann. §97-1-7, Smith could have been prosecuted in the Mississippi Courts for the attempted statutory rape and sexual battery of these children. As such, Smith's argument lacks merit. More importantly, Smith has not demonstrated that but for this alleged advice his §2255 petition would have been timely filed.

**Conclusion**

For the reasons set forth above, the instant motion to vacate, set aside, or correct sentence will be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of April, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE NORTHERN**
**DISTRICT OF MISSISSIPPI**