IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

ABERDEEN DIVISION

**KEVIN ROSS SMITH**                                                       **PETITIONER**

v.                                                        No. 1:13-cr-162-MPM

**USA**                                                            **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Kevin Ross Smith to reduce his sentence pursuant to 18 U.S.C.A. § 3582 (c)(1)(A)(i). ECF doc. 58. The government has responded to the motion, and the matter is ripe for resolution.

**Facts and Procedural Posture**

On September 29, 2013, the parent of a thirteen-year-old female reported Smith's unwanted contact with the minor to the Lowndes County Sheriff's Department. ECF Doc. 34, pg. 4. Smith was thirty (30) years old at the time of the conduct. Smith had been messaging the thirteen-year-old through Facebook and asking her to send him naked pictures of herself. He also attempted to persuade the thirteen-year-old to engage in sexual intercourse with him. *Id*. On September 30, 2013, Smith arranged to meet the minor victim to engage in sex, though the parent, at the direction of the Lowndes' County Sheriff's Department, was posing as the child by this time. *Id*. Smith arrived at the agreed upon location and was arrested. He admitted to the correspondence and the plan to meet for sexual intercourse. *Id*.

A search of his cell phone revealed messages between Smith and another adolescent girl that were also of a sexual nature and included plans to meet for sexual intercourse. *Id*. Further, pursuant to a search warrant for Smith's Facebook messages, several similar interactions were

discovered including conversations with a sixteen-year-old and a fourteen-year-old. *Id*. Smith was seeking sexual intercourse with both these children. Specifically, from June 10, 2013, through June 11, 2013, Smith attempted to entice the sixteen-year-old to meet him for sex, and, from September 8, 2013, through September 24, 2013, Smith attempted to entice the fourteen-year-old to meet him for sex. *Id*. He also enticed the sixteen-year-old to send him a photo of herself that would constitute child pornography, specifically a photo of her genitalia. *Id*.

Smith was charged in a superseding indictment with several counts of persuading or attempting to persuade minors to send him child pornography (Counts I, II, and IV); and two counts of attempting to persuade minors to engage in sexual activity (Counts III and V). ECF doc. 21. Smith pleaded guilty to Counts II, III, and V of the superseding indictment. ECF doc. 32. Pursuant to his guilty plea, Smith was sentenced to serve a term of 235 months on Counts II, III, and V, to be served concurrently. ECF doc. 37. Counts I and IV of the superseding indictment were dismissed. *Id*. Smith did not appeal his judgment of conviction. Smith filed a motion to vacate, set aside, or correct his sentence pursuant to §2255. ECF doc. 42. On April 23, 2018, this Court denied Smith's motion. ECF doc. 46. Smith appealed that decision, and the Fifth Circuit denied his motion for a certificate of appealability. ECF doc. 55.

On January 31, 2022, Smith filed a motion to reduce his sentence pursuant to 18 U.S.C.A. § 3582 (c)(1)(A)(i). ECF doc. 58. The government responded. ECF doc. 60. For the reasons discussed herein, Smith is not entitled to relief and his motion is denied.

**Standard of Review**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'"

*Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). Although the Court's authority to modify a sentence of imprisonment is limited, 18 U.S.C. § 3582(c)(1)(A) provides such authorization. This statute states:

> The Court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) In any case –
>
> > (A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
> >
> > > (i) Extraordinary and compelling reasons warrant such a reduction…
> >
> > And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …

18 U.S.C. § 3582(c)(1)(A).[1]

U.S.S.G. § 1B1.13 provides, in pertinent part, that a reduction in a term of imprisonment is authorized if the court finds that extraordinary and compelling reasons warrant the reduction, and the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A). Application

---

[1] The Court notes that 18 U.S.C. §3582(c)(1)(A)(i) does have an exhaustion requirement. Smith sought compassionate release/reduction in sentence from the Bureau of Prisons, which was denied for failure to constitute extraordinary or compelling circumstances. ECF doc. 58-1. Smith has not presented evidence that he appealed this decision, thus exhausting his administrative remedies. Despite the fact the parties have not addressed exhaustion, because Smith is not entitled to reduction of his sentence pursuant to §3582(c)(1)(A)(i), this Court will address his motion on the merits.

Note 1 to U.S.S.G. § 1B1.13 provides a list of considerations for the determination as to whether extraordinary and compelling reasons exist, including the defendant's medical condition, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, App. Note 1. The Application Note further provides that "other includes some "extraordinary and compelling reason other than, or in combination with" the defendant's medical condition, age, and/or family circumstances. U.S.S.G. § 1B1.13, App.Note 1(D). The Defendant bears the burden to establish that he is entitled to compassionate release. *See*, e.g., *U.S. v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

**Analysis and Discussion**

Smith alleges that there is a disparity between his sentence and other similarly situated offenders and that this constitutes an extraordinary and compelling circumstance warranting a sentence reduction. However, the statutes and cases cited by Smith in support of this allegation are not applicable to him as they apply to offenses committed on federal property. As such, even assuming *arguendo* such disparate sentences could be considered extraordinary and compelling and circumstances, Smith has not demonstrated that his sentence is disparate from offenders convicted of the same crimes under the same statutes.

Smith next asserts that, because he was thwarted in his attempt to engage in sexual activity with his minor victims, the inchoate crimes of attempt are not included within the U.S.S.G. manual and commentary and this qualifies as an extraordinary and compelling circumstance. In support of this assertion, Smith cites to *U.S. v. Nasir*, 17 F.4th 459 (3rd Cir. 2021). *Nasir* dealt with a prior drug offense for attempt used in determining that Nasir was a career offender, under §4B1.1. *Id*. The Nasir court's decision that "inchoate crimes are not

included in the definition of 'controlled substance offenses' given in Section 4B1.2(b) of the sentencing guidelines," is not applicable to Smith's sentence for sexual offenses, which fall under §2G1.3. *Id*. at 472. §2G1.3(a)(3) requires a base offense level of 28 for defendants convicted under 18 U.S.C.§2422(b) or §2423(a). Smith was convicted under 18 US.C. §2422(b), therefore the application of a base level of 28 was appropriate. ECF doc. 34. Further, Smith's offense level was enhanced by 2 points pursuant to §2G1.3(b)(2)(B) because, given the 17-year age difference between Smith and one of his victims, Smith is presumed to have unduly influenced a minor to engage in prohibited sexual conduct. ECF doc. 34. Smith's offense level was enhanced by a further 2 points under §2G1.3(b)(3)(A) because he used a computer or interactive computer service (Facebook) to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in prohibited sexual conduct. Because Smith's actions are included in the sections of the guidelines that were applied in his case, his allegation that his crimes are not covered by those guidelines must fail.

Smith next argues that his sentence should be reduced under §402 of the First Step Act of 2018. However, Smith himself concedes this section is not retroactive. ECF doc. 58, pg. 11. The First Step Act was enacted in 2018, while Smith was convicted in 2014. As such this section is not applicable to his case. *See United States v. Garza*, 811 F. App'x 267 (5th Cir. 2020), unpublished opinion citing *United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019).

Finally, Smith argues that he poses no threat of danger to the community. Smith pleaded guilty to three (3) counts of enticing children to engage in illegal sexual activity. The nature of these crimes warrants a finding that Smith poses a threat of danger to the community should he be granted a sentence reduction. Moreover, Smith's disciplinary record while incarcerated shows that Smith continues to disregard the rules and regulations governing his behavior.

The Fifth Circuit has recognized, "a sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Based on Smith's offense level and criminal history category, the sentencing range was 235-293 months. ECF doc. 34. Smith received a 235-month sentence, which is well within the guidelines and presumptively reasonable.

## Conclusion

For the reasons set forth above, the instant motion to reduce Smith's sentence is denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of October, 2022.

/s/ **Michael P. Mills**
MICHAEL P. MILLS
U. S. DISTRICT JUDGE