IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.   CAUSE NO. 1:13-cr-00162

KEVIN ROSS SMITH

### ORDER

This matter comes before the Court on Defendant Kevin Smith's pro se Motion to Appoint Counsel [67] and Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) [68]. The Government opposes the requested relief [69]. For the following reasons, Mr. Smith's Motion to Reduce Sentence is denied, and Motion to Appoint Counsel is dismissed as moot.

### RELEVANT BACKGROUND

On October 31, 2013, Mr. Smith was charged in a two-count Indictment [1]. Both counts charged Mr. Smith with attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). On December 11, 2013, Mr. Smith was named in a five-count Superseding Indictment [21].[1] On June 12, 2014, Mr. Smith pled guilty to Counts Two, Three, and Five of the Superseding Indictment for enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

---

[1] Count One charged that from on or about June 10, 2013, to on or about June 11, 2013, Mr. Smith attempted to use, persuade, induce, and entice a minor to produce child pornography in violation of 18 U.S.C. § 2251(a); Count Two charged that from on or about June 10, 2013, to on or about June 11, 2013, Mr. Smith enticed a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); Count Three charged that from on or about September 8, 2013, to on or about September 24, 2013, Mr. Smith attempted to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); Count Four charged that from on or about September 3, 2013, to on or about September 8, 2013, Mr. Smith attempted to use, persuade, induce, and entice a minor to produce child pornography in violation of 18 U.S.C. § 2251(a); and Count Five charged that from on or about September 28, 2013, to on or about September 30, 2013, Mr. Smith attempted to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

According to the Presentence Report ("PSR"), Mr. Smith had a criminal history category of III at the time he was sentenced because he had 6 points, 2 of which were status points added pursuant to USSG § 4A1.1(d). Based on an offense level of 36 and a criminal history category of III, Mr. Smith's sentencing guideline range was 235 to 293 months. On October 10, 2014, this Court sentenced Mr. Smith to 235 months on Counts Two, Three, and Five of the Superseding Indictment, to be served concurrently. His current anticipated release date is April 8, 2031.

Mr. Smith files this Motion seeking retroactive application of Amendment 821 to the Sentencing Guidelines which allows for the addition of 1 status point if the defendant received 7 or more criminal history points and committed the offense while under a prior court sentence. USSG § 4A1.1. Under this provision, Mr. Smith would not receive any status points and therefore have a total of 4 criminal history points.

## DISCUSSION

Courts generally may not modify a term of imprisonment once the term has been imposed, but courts may modify a term if the Sentencing Commission subsequently lowers the sentencing range pursuant to 28 U.S.C. 944(o). 18 U.S.C. § 3582(c)(2). Courts follow a two-step analysis to determine whether a sentence reduction is appropriate: "(1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case." *United States v. Dilworth*, No. 3:22-CR-51-SA, 2024 WL 4046588, at *1 (N.D. Miss. Sept. 4, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Mr. Smith is not entitled to a reduction because Amendment 821 does not lower his sentencing range. Under the new calculation, Mr. Smith has a total of 4 criminal history points.

This, however, does not reduce his criminal history category, as defendants with 4, 5, or 6 criminal history points all fall into category III. Accordingly, his guideline range remains 235 to 293 months.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Kevin Smith's Motion to Reduce Sentence [68] is **DENIED**, and Motion to Appoint Counsel [67] is **DISMISSED** as moot.

SO ORDERED this 25th day of November, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI